UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KENNETH TODD NELSON,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF WAYLAND BOARD OF HEALTH;<br>TOWN OF WAYLAND CONSERVATION<br>COMMISSION; CHARLES SAMIOTES;<br>DESPINA SAMIOTES; JOANNE BARNETT;<br>SHERRE GREENBAUM; BARBARA HOWELL;<br>JOHN SULLIVAN; BETTY SALZBERG;<br>SEAN FAIR; THOMAS DAVIDSON and<br>ROGER BACKMAN,<br>    Defendants. | C.A. No.: 1:18-cv-11735 |

**THE TOWN OFFICIALS' LIMITED MOTION FOR RECONSIDERATION WITH RESPECT TO THE COURT'S RULING ON THEIR MOTION TO DISMISS**

**I.     PRELIMINARY STATEMENT**

At the parties most recent Status Conference on June 8, 2021, the Court recognized the "collateral damage" caused by the fact that plaintiff has named all of the individual members of the Town of Wayland Conservation Commission (sometimes, the "Commission") in both their official and individual capacities. This collateral damage is not theoretical: it is real. See the accompanying Affidavit of the Chair, Conservation Commission, Sean Fair. Since this action was filed over three years ago, the undersigned has asked plaintiff's counsel on several occasions to dismiss the individual members of the Commission in their individual capacities. Each time, plaintiff has refused. Accordingly, because there is nothing in the First Amended Complaint ("FAC") which even remotely suggests that they were acting outside the scope of their official capacitie and given the real world consequences of being named in their individual capacities, the individual members of the Wayland Conservation Commission now request that the

Honorable Court reconsider its prior ruling and dismiss all of the claims against them at least in their individual capacities. Plaintiff's inexplicable refusal to do so has gone on long enough.[1]

## II.     STATEMENT OF FACTS

The Town Officials strive for brevity. Abutting the Samiotes Property is a lot with an address of 8 Hill Street, Wayland, MA, which Mr. Nelson wishes to develop (the "Property"). Starting with the Wayland Board of Health (the "Board"), Nelson alleges that over two years after he submitted his Notice of Intent ("NOI") to the Wayland Conservation Commission, "in order to prevent Mr. Nelson's construction at the abutting Nelson property," the Samiotes sought permission from the Board to install a well on their (Samiotes) property. Nelson claims that "the proposed well on the Samiotes Property is not necessary, but is meant to preclude Mr. Nelson from constructing his single-family residence on the Nelson Property." *FAC.*, ¶56. Nelson alleges that the Samiotes' do not want him to build on the abutting vacant lot for "personal reasons," namely to "maintain the current property value, view and noise level of the Samiotes's Property." *Id.*, ¶77. In any event, because, under State Law, the construction of the Well would preclude Mr. Nelson from installing a septic system for his to-be-built home on the Nelson Property, Mr. Nelson claims that the Board of Health should have, but failed to, consider the impact of the Samiotes' well on his property. FAC, ¶¶59-64.

Mr. Nelson's history with the Wayland Conservation Commission is more involved; the Town will try to distill this history down to its basics. The Property lies within a 100-foot buffer zone that extends 30 feet on to the Property. Part of the construction that Mr. Nelson proposes in connection with building a one-family house on his lot, falls within the limited area of wetlands

---

[1] For the sake of ease, the Wayland defendants will refer to the plaintiff as "Nelson" and the Town of Wayland and the individual members of the Wayland Conservation Commission together as "the Town Officials."

jurisdiction on the Property, specifically a portion of the septic system and seventy feet of a retaining wall.  FAC, ¶¶17-20. During hearings before the Commission on Nelson's project, the Samiotes' raised a number of objections "and submitted numerous written and oral objections to the Commission." *Id.*, ¶22.   Nelson claims that the Samiotes have "impermissibly contacted" the Board of Health, the Con Com and other Town Officials all for the purpose of delaying his project.   And, both the Commission and the Board have imposed "unfair and unequal" requirements on Nelson such as repeated soil conditions and extensive storm water analysis of the Property. Without identifying a single comparator, Mr. Nelson claims that he has been treated "unequally to similarly-situated individuals" seeking to develop their properties. *Id.*, ¶¶79-81. Nelson does not assign any improper motive to the Commission's alleged  unequal treatment of his proposed Project, but instead alleges (repeatedly) that the Commission's "unequal treatment" of his project "was motivated by the Commission's desire to prevent Mr. Nelson from constructing his single-family residence at the Nelson Property."   *Id.*, ¶¶82-83, 86 & 89.

Following a hearing approximately three years ago, this Court granted in part, denied in part, the Town Officials' Motion To Dismiss plaintiff's First Amended Complaint (Docket No. 22). See Exhibit A annexed hereto.   On April 9, 2019, the Court spent over an hour-and-a-half hearing argument on Nelson's Certiorari claim (Count I).  Nowhere in the lengthy discussion with the Court did Nelson's counsel refer to any conduct on the part of the Town Officials which might remotely be considered outside the scope of their official capacities or based on some unarticulated ill-will or animus toward Nelson.  Indeed, referring to Nelson's constitutional claims against the Town of Wayland, the Court made the following comment:

> <u>The Court</u>:  But they have to do with official acts by the defendant, the town defendant.

And if the officials acts are affirmed, then I'm not sure how I understand that there's going to be a 1983 claim left.   See Exh. B, Hearing Transcript, p. 7,  April 9, 2019.

As the Court observed, Nelson seeks to hold the Town Officials liable both in their official and individual capacities for certain "official acts," which, again, Nelson does not even allege were taken by the members of the Commission (or any one of them), in bad faith or out of some personal ill will or animus  toward him.  Accordingly, the Town Officials now move for reconsideration of the Court's prior  ruling insofar as the Court did not dismiss a number of Nelson's Section 1983 claims against them in their individual capacities.

### III.   THE LEGAL STANDARD

The Town Officials start by noting that Fed. R. Civ. P. One provides, in pertinent part, that the rules of civil procedure are to be administered "to secure the just, speedy and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The Town Officials respectfully submit that there is nothing "just" about their being exposed to personal liability in light of plaintiff's complete *lack of* allegations to support such a potential result.  Turning to their Motion For Reconsideration, under Fed. R. Civ. P. Rule 60, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . and (6) any other reason that justifies relief."

The evaluation of a motion for reconsideration is committed to the district court's sound discretion, and Rule 60(b)(6) provides for relief from a judgment or order for "any other reason that justifies relief" not specifically set forth in Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6); Cavallaro v. UMass Mem. Health Care, Inc., No. 09-40181, 2010 U.S. Dist. LEXIS 144471, at *7-8 (D. Mass. Dec. 20, 2010). While motions under this rule are ordinarily granted only when exceptional circumstances are present, a district court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 62 (D. Mass. 2011) (citing Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir. 2008)). Specifically, the contours of Rule 60(b)(6) are "peculiarly malleable," and the Court's decision to grant or deny such relief is inherently equitable in nature. Ungar v. Palestine Liberation Organization, 599 F.3d 79, 83 (1st Cir. 2010). A court may grant a motion for reconsideration "where the movant shows a manifest error of law," if the court has "patently misunderstood a party . . . or if the court made an error not of reasoning but apprehension." Ruiz Rivera, 521 F.3d at 81-82. Moreover, a motion for reconsideration will also be granted where the Court has overlooked matters or controlling decisions that might have materially influenced the earlier decision. In re Optimal U.S. Litig., 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011).

### IV. ARGUMENT

On October 19, 2018, the Court issued its decision on the Town Officials Motion To Dismiss plaintiff's Complaint (Docket Entry No. 22). As a result of the Court's ruling, the following claims remain as against the Town Officials in both their official and individual capacities: Procedural Due Process and Equal Protection (Count 5). The Court also ordered that factual development on those two claims will be developed after Count One (certiorari), is

resolved.   Even a cursory review of the First Amended Complaint establishes that Nelson has no basis for naming the members of the Wayland Conservation Commission in their individual capacities.  By way of example only, the First Amended Complaint *does not* allege that:

- Any members of the Commission acted out of any personal ill-will or animus toward Nelson;

- Any members of the Commission supported or endorsed Samiotes's efforts to secure a well permit because they are personal friends of the Samiotes;

- Any of the Commission members acted or were motivated by his/her own personal financial gain;

- Any of the Commission members acted adversely toward Nelson because he is a member of a protected class; or

- Any of the Commission members "retaliated" against Nelson because he opposed some project that was supported by the Commission or that they otherwise engaged in some other form of retaliation regardless of the origin.

In sum, there are no allegations in the First Amended Complaint which warrant naming the members of the Conservation Commission in their individual capacities.   Since Nelson has refused to voluntarily dismiss the members of the Commission in their individual capacities, they would urge that this Court now do so.  See, e.g., Wentworth Precision Metals, LLC v. City of Everett, 2013 WL 441094, at * 15 (D. Mass.)(dismissing City official where plaintiff acknowledged it had not alleged any "particular conduct or action" by him regarding plaintiff or its operations).   In addition, as they are named in their official capacities, this is the same as naming the Town of Wayland, which Nelson seems to have done by naming both the Wayland Conservation Commission and the Wayland Board of Health.

## V.     CONCLUSION

WHEREFORE, the Town Officials respectfully request that the Court allow their partial Motion For Reconsideration and dismiss all of the claims against them at least in their individual capacities, if not in their entirety.[2]

Respectfully submitted,
The Defendants,
TOWN OF WAYLAND, ET AL.
By their attorneys,
**PIERCE DAVIS & PERRITANO LLP**


*/s/ Adam Simms*
Adam Simms, BBO No. 632617
10 Post Office Square, Suite 1100N
Boston, MA 02109-4603
(617) 350-0950
asimms@piercedavis.com

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel for the Town Officials hereby certifies, pursuant to Local Rule 7.1(A)(2), that on December 27, 2021, I conferred in good faith with both plaintiff's counsel and co-defense counsel in an effort to resolve the issues related to the Town Officials' Limited Motion For Reconsideration With Respect To The Court's Ruling On Their Motion To Dismiss.

---

[2] The Town Officials note that Nelson's Motion For Leave to file a Second Amended Complaint (Doc. No. 48) to implead the Mass. Department of Environmental Protection remains *sub judice*.  Should the Court allow Nelson's Motion For Leave to file a Second Amended Complaint, then the Town Officials respectfully submit that the Court should do so by stating expressly that the Town Officials are and have been dismissed in their individual capacities altogether including, but, not limited to, those claims contained in Nelson's proposed Second Amended Complaint, Count V.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on December 30, 2021.

                                */s/ Adam Simms*
                                Adam Simms